979 So.2d 1034 (2008)
Joseph SEME, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1712.
District Court of Appeal of Florida, Third District.
March 12, 2008.
Rehearing Denied May 1, 2008.
Roy A. Heimlich, for appellant.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and SALTER, JJ.
PER CURIAM.
Joseph Seme appeals a circuit court order denying his motion for post-conviction relief. Seme was convicted in September 2000, and his conviction was affirmed on direct appeal in 2001. Seme v. State, 790 So.2d 1271 (Fla. 3d DCA 2001).
In 2003, Seme filed a timely post-conviction motion asserting three claims of ineffective assistance of his trial counsel. Seme was represented by post-conviction counsel in this endeavor, and the trial court conducted an evidentiary hearing on the issue on June 23, 2004. Seme's trial counsel testified regarding his reasoning and actions on each of the three matters alleged by Seme to have constituted ineffective assistance.
On January 20, 2005, the trial court entered an eight-page order carefully analyzing, but ultimately denying, each of Seme's three claims. However, the date in the final "done and ordered" portion of the order erroneously said "2004" rather than the correct year, 2005. The trial court entered a corrected order on February 11, 2005 "nunc pro tunc" as of January 20, 2005. Only the date, the adjective "corrected" in the caption, and a footnote explaining the inadvertent error in dating the original order "2004" were changed; all of the substantive findings and conclusions in the original order were unchanged.
Seme appealed the orders[1] to this Court, which summarily affirmed the trial court on April 6, 2005. Seme v. State, 901 So.2d 135 (Fla. 3d DCA 2005). In that case, Seme was represented here by the same attorney who had represented Seme in the evidentiary hearing on the post-conviction ineffective assistance claims in the trial court. The 2005 per curiam affirmance stated that it was an appeal under Florida Rule of Appellate Procedure 9.141(b)(2) rather than 9.141(b)(3).[2] A *1036 transcript of the June 23, 2004 evidentiary hearing was not provided by the circuit court clerk or by Seme for consideration as part of the 2005 appeal, and the parties did not file briefs.[3]
Thereafter, Seme filed a pro se petition for a belated appeal, docketed here as Case No. 3D06-949 on April 20, 2006. This Court granted the belated appeal the following month. Seme v. State, 934 So.2d 468 (Fla. 3d DCA 2006). Seme then filed his belated notice (docketed as this appeal, Case No. 3D06-1712) and the clerk transmitted a copy of the transcript of the 2004 evidentiary hearing. The parties have fully briefed the issues, and the Public Defender was appointed to represent Seme in responding to the issues raised by the State in its answer brief.[4]
This extended procedural history is necessary to address the State's argument that Seme's present appeal is procedurally barred because the lower court orders were already affirmed by this Court in 2005.[5] Seme is correct that the 2005 case did not bar this belated appeal. The transcript of the evidentiary hearing was not transmitted by the clerk of the lower court as required by Rule 9.141(b)(3), and the parties did not brief the merits. Accordingly, the State's "procedural bar" argument is not well taken.
Upon consideration of the transcript, briefs, and merits of this belated appeal from the corrected order denying Seme's post-conviction motion, however, we affirm the trial court's conclusions in all respects. The trial court's findings of fact are supported by substantial competent evidence, and Seme did not demonstrate that his trial counsel's performance was deficient in any way.
Affirmed.
NOTES
[1] Although Seme's counsel takes the position that the corrected order was not appealed in 2005, the notice of appeal filed in that case attached a copy of both the original and corrected orders.
[2] Rule 9.141(b)(2) relates to appeals from orders summarily granting or denying post-conviction relief without an evidentiary hearing, while 9.141(b)(3) provides a procedure for orders entered after an evidentiary hearing on the post-conviction motion.
[3] Seme's counsel moved for rehearing and for withdrawal of the mandate to permit the transcript to be prepared and filed, but those motions were denied.
[4] Seme filed his initial brief pro se.
[5] This Court denied without prejudice the State's motion to dismiss this appeal so that the parties could address the issue in their briefs.