# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-870
Lower Tribunal No. F99-1602 C
_____


**Joseph Seme,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Joseph Seme, in proper person.

Ashley Moody, Attorney General, for appellee.


Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Joseph Seme appeals from the trial court's order denying his petition for writ of habeas corpus, by which Seme sought leave to file a belated motion for postconviction relief due to neglect of retained counsel. We affirm, because Seme's petition seeking belated postconviction relief was time-barred under Florida Rule of Criminal Procedure 3.850(b)(3).

In 2000, Seme was convicted of and sentenced for first-degree murder and armed robbery. On direct appeal, his judgments and sentences were affirmed by this court, Seme v. State, 790 So. 2d 1271 (Fla. 3d DCA 2001) and the mandate issued on August 31, 2001. Pursuant to the two-year time limitation imposed by rule 3.850(b)—and absent meeting one of the three exceptions to that two-year deadline—Seme had until August 31, 2003 to file a motion for postconviction relief. See Fla. R. Crim. P. 3.850(b) (providing generally that a motion filed under that rule (other than a motion seeking to vacate an illegal sentence) must be filed no more than two years after the judgment and sentence become final, and providing certain limited exceptions).

Seme filed several postconviction motions and petitions, each of which was denied by the trial court and affirmed on appeal. See, e.g., Seme v. State, 138 So. 3d 458 (Fla. 3d DCA 2014); Seme v. State, 86 So. 3d 1133 (Fla. 3d DCA 2012); Seme v. State, 41 So. 3d 909 (Fla. 3d DCA 2010); Seme

2

v. State, 979 So. 2d 1034 (Fla. 3d DCA 2008); Seme v. State, 934 So. 2d 468 (Fla. 3d DCA 2006); Seme v. State, 901 So. 2d 135 (Fla. 3d DCA 2005).

Seme alleges that in February of 2016, he retained a private attorney to file a motion for postconviction relief raising a new claim. On April 9, 2018, Seme's attorney filed the motion, alleging, inter alia, that three years earlier, on **March 9, 2015**, Seme discovered previously unknown evidence; that this newly-discovered evidence undermines confidence in the outcome of his trial; that there is a reasonable probability that this newly-discovered evidence, if introduced at a new trial, would produce an acquittal; and that Seme is therefore entitled to a new trial.

Although the claim was filed more than two years after his judgment and sentence became final, Seme contended it fell within one of the exceptions to the two-year deadline for filing a motion for postconviction relief. Specifically, rule 3.850(b)(1) provides in pertinent part:

> (b) A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that:
>
> > (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or

3

could have been discovered with the exercise of
due diligence;

(Emphasis added.)

The trial court denied this motion because, even if Seme had exercised due diligence in discovering this information on March 9, 2015, Seme's counsel did not file the motion until April 9, 2018, more than three years later. Therefore, the motion was untimely—even under the exception created by rule 3.850(b)(1)—because the claim was not "made **within 2 years of the time the new facts were. . . discovered**." The motion failed to set forth any reason why it was filed more than two years after Seme came into possession of the newly-discovered evidence. Seme appealed the trial court's denial order, and this court affirmed. Seme v. State, 302 So. 3d 886 (Fla. 3d DCA 2020).

On January 11, 2021, Seme filed in the trial court a petition for writ of habeas corpus, seeking leave to file a belated motion for postconviction relief, and alleging, for the first time, that he had retained counsel well within the two-year deadline for filing the prior motion for postconviction relief based upon newly-discovered evidence, but that his counsel failed to timely file the motion, resulting in its denial as untimely. Specifically, Seme alleges that he acquired the newly-discovered evidence on March 9, 2015; that he retained and paid private counsel on February 2, 2016 to file the motion; that counsel

4

had adequate time to file the motion within two years of discovery of the evidence (i.e., by or before March 9, 2017); and that, through neglect, counsel failed to file the motion until April 9, 2018, well after the two-year deadline under rule 3.850(b)(1). As a result, Seme alleged, he should be permitted to seek belated postconviction relief on the claim raised in that untimely filed 2018 motion.

The trial court properly denied Seme's petition. Even if we accept all of Seme's allegations as true, Seme's January 11, 2021 petition was itself untimely filed. While Seme is correct that, under certain circumstances, a defendant may seek belated postconviction relief when retained counsel, through neglect, fails to file a postconviction motion, Seme fails to acknowledge the applicable time limitation for seeking such belated relief:

> (b) A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that:
>
> > (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. **A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.**

Fla. R. Crim. P. 3.850(b)(3) (emphasis added).

As discussed, the two-year deadline by which Seme (through his retained counsel) was required to file his motion for postconviction relief based on newly-discovered evidence expired on March 9, 2017. Seme's counsel (allegedly through neglect) failed to file the motion by that deadline. Therefore, to come within the exception under rule 3.850(b)(3) above, Seme was required to file his petition seeking leave to file a belated postconviction relief no later than March 9, 2019—that is, "not later than 2 years after the expiration of the time for filing a motion for postconviction relief." Id. Because Seme did not file his petition until January 11, 2021, it was time-barred, and the trial court properly denied the petition. We find no merit in any remaining issues raised on appeal.

Affirmed.